[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: August 11, 1995 CT Page 6788 Date of Application: August 29, 1995 Date Application Filed: September 7, 1995 Date of Decision: April 24, 2001
Application for review of sentence imposed by the Judicial District of New Haven at New Haven.
Docket No. CR 96-401526.
Margaret Moreau, Esq., Defense Counsel, for the Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
 BY THE DIVISION
After trial by jury the petitioner was convicted of Murder in violation of Connecticut Gen. Statute Sec. 53a-54 (a) and Criminal Possession of a Weapon in violation of Connecticut Gen. Statute Sec. 53a-217. He was sentenced to 50 years to serve on the murder charge and 5 years to serve on the weapons charge. The trial court ran them consecutively for a total effective sentence of 55 years to serve.
The records show the petitioner shot the victim twice with a .38 caliber revolver over a debt owed over drug dealings. One of the bullets pierced the aorta of the victim and he bled to death as he ran down the Street.
At the hearing counsel for the petitioner acknowledged that the petitioner made a lot of wrong choices in his life. She proferred that the drug habit of the petitioner was what drove him and made him commit his crimes. Now he has a family and is doing much better with an understanding of his past criminal conduct. She asked the court for a reduction as appropriate.
The petitioner when he addressed the panel expressed his desire to be with his family and asked the court to reduce his sentence.
The attorney for the state indicated that the murder here was a product of the all too familiar guns and drugs scenario. The petitioner who has a violent criminal history just shot dead the victim in cold blood. He did CT Page 6789 not come from a poor family structure, in fact, it was very stable. Counsel felt the remarks of the sentencing judge were very accurate in that this was two drug dealers involved in a dispute over a small amount of money. He asked the panel to affirm the sentence.
When reviewing the sentence we see a cold-blooded murder that was inflicted in a heinous and cruel manner by a person with a history of violent criminal behavior.
The division is without authority to modify sentences except in accordance with the provisions of Connecticut Practice Book 43-23, et. seq., and Connecticut General Statute Sec. 51-49, et. seq.
The sentence imposed by the trial court was within the parameters, it was neither inappropriate nor disproportionate.
In light of the above the sentence is AFFIRMED.
NORKO, J.
KLACZAK, J.
O'KEEFE, J.
Judges O'Keefe, Klaczak, and Norko participated in this decision.